16-2547-bk
FirstBank Puerto Rico v. James W. Giddens

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 26th day of April, two thousand seventeen.

Present:     GUIDO CALABRESI,
            ROSEMARY S. POOLER,
            RICHARD C. WESLEY,
                 *Circuit Judges*.

_____

FIRSTBANK PUERTO RICO,

                 *Appellant*,

            v.                                              16-2547-bk

JAMES W. GIDDENS, as Trustee for the SIPA Liquidation
of Lehman Brothers Inc., SECURITIES INVESTOR
PROTECTION CORPORATION,

                 *Appellees*.

_____

Appearing for Appellant:     Robert T. Honeywell, K&L Gates LLP (Brian D. Koosed, *on the brief*), New York, NY.

Appearing for Appellee       Sarah L. Cave, Hughes Hubbard & Reed LLP, New York, NY.
James W. Giddens:

Appearing for Appellee          Kenneth J. Caputo, Senior Associate General Counsel, Securities
Securities Investor             Investor Protection Corporation (Josephine Wang, General
Protection Corporation:         Counsel, *on the brief*), Washington, DC.

Appeal from the United States District Court for the Southern District of New York (Rakoff, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

FirstBank Puerto Rico appeals from the July 8, 2016 opinion and order of the United States District Court for the Southern District of New York (Rakoff, *J.*) affirming the December 1, 2015 final order the United States Bankruptcy Court for the Southern District of New York (Chapman, *B.J.*). The bankruptcy court order granted the motion by James W. Giddens, Trustee for the SIPA Liquidation of Lehman Brothers Inc., to expunge FirstBank's customer claim asserted under the Securities Investor Protection Act of 1970 ("SIPA"). The bankruptcy court order also denied FirstBank's motion for summary judgment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We affirm substantially for the reasons set forth in the thorough opinions of the bankruptcy and district courts below. The bankruptcy court correctly held, and the district court affirmed, that collateral estoppel barred FirstBank from asserting an interest in the securities at issue that would allow it to recover from Lehman Brothers Inc. ("LBI"). FirstBank's effort to avoid collateral estoppel by claiming that it is asserting an interest in the securities positions also fails, as FirstBank's customer claim seeks to recover the same interest that FirstBank asserted in the prior litigation: the return of the securities or their value. *See* App'x at 3313-14.

In any event, we agree that FirstBank was not a "customer" of LBI within the meaning of the Securities Investor Protection Act ("SIPA"). FirstBank cannot demonstrate that it entrusted securities to LBI to qualify for "customer" status. "[M]ere delivery is not entrustment. Entrustment . . . must bear the indicia of the fiduciary relationship between a broker and his public customer." *CarVal UK Ltd. v. Giddens (In re Lehman Bros., Inc.)*, 791 F.3d 277, 283 (2d Cir. 2015) (internal quotation marks and citation omitted). To "entrust" a broker-dealer with securities, a customer must turn over its securities to the broker-dealer "so that the broker-dealer may do business on the customer's behalf." *Id.* LBI was not a fiduciary of FirstBank, and FirstBank did not deliver the securities to LBI so that LBI could conduct business on FirstBank's behalf. The courts below correctly granted the motion to expunge FirstBank's SIPA claim.

We have considered the remainder of FirstBank's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk